```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
KENNETH PROCHASKA,

                Plaintiff,

        -against-                          MEMORANDUM AND ORDER
                                           13-CV-2270 (FB)
CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.
---------------------------------------------------x
```

*Appearances:*
*For the Plaintiff:*            *For the Defendant:*
CHARLES E. BINDER, ESQ.         KELLY T. CURRIE, ESQ.
Binder and Binder, P.C.         Acting United States Attorney
60 East 42nd Street             SETH D. EICHENHOLTZ, ESQ.
Suite 520                       Assistant United States Attorney
New York, NY 10165              Eastern District of New York
                                271 Cadman Plaza East
                                Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

Counsel for Kenneth B. Prochaska ("Prochaska") moves for an award of attorney's fees under 42 U.S.C. § 406(b)(1). Though the Commissioner of Social Security ("Commissioner") does not object to the motion, the Court must determine whether the fee request is reasonable. For the following reasons, fees are awarded to Prochaska's counsel in the amount of $12,933.50. From that amount, Prochaska's counsel must remit $5,045.39 – the prior fee award under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 – to Prochaska.

**I.**

Prochaska retained the law firm of Binder and Binder to represent him in connection with his pursuit of disability insurance benefits ("DIB") under the Social Security Act (the "Act"). On April 4, 2013, Prochaska signed a contingent fee agreement which provided that his counsel would receive 25% of any past-due DIB awarded by the Commissioner.

On April 19, 2013, Prochaska filed suit in this Court to challenge the Commissioner's decision to reject his application for DIB. On March 28, 2014, the Court remanded Prochaska's case to the Commissioner for further proceedings. *See Prochaska v. Colvin*, No. 13-CV-2270, 2014 WL 1315366 (E.D.N.Y. Mar. 28, 2014). Subsequent to the Court's remand, the parties stipulated to a fees award of $5,045.39 pursuant to the EAJA.

On remand, the Commissioner found Prochaska disabled and awarded him prospective and retroactive benefits. When DIB were awarded, the Commissioner withheld $12,933.50 – 25% of the past-due benefits award – for attorney's fees.

**II.**

A court may award an attorney who successfully represents a Social Security Disability claimant a "reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C. § 406(b)(1)(A); *see*

*also Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Where – as here – there is a contingent agreement, "a district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).

In assessing reasonableness, a court should (1) "determine whether the contingency percentage is within the 25% cap," (2) "consider whether there has been fraud or overreaching in making the agreement," and (3) scrutinize "whether the requested amount is so large as to be a windfall to the attorney." *Id.* at 372. The Supreme Court has also directed courts to consider (1) "the character of the representation and the results . . . achieved," and (2) whether "the attorney [was] responsible for delay" that inflated his eventual fee. *Gisbrecht*, 535 U.S. at 807.

The Court begins its reasonableness analysis with the contingency agreement itself. The simple, one-page agreement is unambiguous. Moreover, the 25% fee it entails – which does not exceed the statutory cap – is a standard contingent fee for a Social Security case. *Id.* at 803 ("Characteristically . . . attorneys and clients enter into contingent-fee agreements specifying that the fee will be 25 percent of any past-due benefits . . . .") (internal quotation marks and citation omitted).

There is no suggestion that the agreement was the product of fraud or

overreaching. Similarly, nothing in the record indicates that Prochaska counsel's representation was in any way ineffective or substandard. Neither does the record demonstrate any undue delay on the part of Prochaska's counsel.

The Court also finds that the 25% contingency fee would not result in a "windfall" to Prochaska's counsel under these circumstances. The Commissioner awarded Prochaska past-due DIB, of which counsel's desired 25% share would be $12,933.50. Divided by the 26.30 hours that Prochaska's counsel spent litigating this case in federal court, this results in an hourly fee equivalent of $491.77, which is well below what other courts in this circuit have found "reasonable" under § 406(b). *See Barbour v. Colvin*, No. 12-CV-00548, 2014 WL 7180445, at *2 (E.D.N.Y. Nov. 10, 2014) (approving award equivalent to $599.19 per hour); *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 325 (S.D.N.Y. 2007) (approving award equivalent to $705.00 per hour); *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 457 (W.D.N.Y. 2005) (approving award equivalent to $891.61 per hour).

Lastly, though fees may be awarded under both the EAJA and § 406, "the claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 794-95. Consequently, as Prochaska's counsel had already obtained a fees award of $5,045.39 under the EAJA – which is less than the award sought under § 406(b) – counsel must return the amount of the EAJA award to Prochaska from the payment received pursuant to § 406(b).

## III.

For the foregoing reasons, the Court grants Prochaska's counsel's motion for attorney's fees and such fees are awarded in the amount of $12,933.50 pursuant to § 406(b), with the amount of $5,356.10 already awarded under the EAJA to be paid by Prochaska's counsel to Prochaska.

**SO ORDERED.**

      /S/ Frederic Block\
FREDERIC BLOCK\
Senior United States District Judge

Brooklyn, New York\
July 17, 2015